**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2274-23

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DAMIAN S. EMANUEL,

    Defendant-Respondent.

_____

Submitted October 2, 2024 – Decided October 17, 2024

Before Judges Mayer and Rose.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 22-12-1421.

Esther Suarez, Hudson County Prosecutor, attorney for appellant (Colleen Kristan Signorelli, Assistant Prosecutor, on the brief).

Jennifer N. Sellitti, Public Defender, attorney for respondent (Ashley T. Brooks, Assistant Deputy Public Defender, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for amicus curiae Attorney General of New Jersey (Angela

Cai, Deputy Solicitor General, and Christopher J. Ioannou, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

By leave granted, the State appeals from a March 13, 2024 Law Division order granting defendant Damian S. Emanuel's motion to dismiss count two of a three-count Hudson County indictment, charging him with second-degree unlawful possession of a handgun without having obtained a permit to carry under N.J.S.A. 2C:58-4, N.J.S.A. 2C:39-5(b)(1).  The remaining counts charged defendant with fourth-degree unlawful possession of a defaced firearm, N.J.S.A. 2C:39-3(d), and fourth-degree unlawful possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j).

The motion court found "N.J.S.A. 2C:58-4 was facially unconstitutional" when defendant was charged with violating N.J.S.A. 2C:39-3(5)(b)(1) under the United States Supreme Court's decision in N.Y. State Rifle and Pistol Association v. Bruen, 597 U.S. 1 (2022).  The court declined to follow our decision in State v. Wade, 476 N.J. Super. 490 (App. Div.), leave to appeal denied, 255 N.J. 492 (2023), where we recognized the unconstitutional "justifiable need" provision was severable from the remaining portion of N.J.S.A. 2C:58-4.  Id. at 511.  Instead, the motion court concluded defendant

lacked fair notice that he engaged in wrongdoing and, as such, he was deprived his right to due process. Because we conclude the court erroneously interpreted the governing legal principles, we reverse the dismissal order, reinstate count two of the indictment, and remand for further proceedings.

I.

A.

The facts underpinning defendant's charges are straightforward, and for purposes of this appeal, undisputed. On June 21, 2022, Bayonne police stopped defendant for recklessly operating his motorcycle. When asked where he charged the motorcycle, defendant removed the driver's seat and electric battery. While doing so, a shopping bag fell from the same compartment, which appeared to contain a handgun. Police seized the bag and removed a 9mm semi-automatic handgun, loaded with eleven bullets in a large capacity magazine. There was no serial number on the weapon. Defendant neither had a permit to carry the handgun, nor had he applied for a permit.

B.

We set forth the procedural posture in view of the statutory scheme and the applicable law. Two days after defendant was arrested, the Court issued its decision in Bruen. The Court addressed whether New York's firearms

3

permitting scheme, which required applicants demonstrate a "special need" for self-defense, violated the Second and Fourteenth Amendments. 597 U.S. at 11. The Court struck down New York's special need requirement, id. at 71, and explicitly noted New Jersey's "justifiable need" provision was analogous to New York's unconstitutional standard, id. at 15.

More particularly, at the time of defendant's arrest, N.J.S.A. 2C:58-4(c) (2018) included the following requirement:

> Each application form shall be accompanied by a written certification of justifiable need to carry a handgun, which shall be under oath and, in the case of a private citizen, shall specify in detail the urgent necessity for self-protection, as evidenced by specific threats or previous attacks which demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun. Where possible, the applicant shall corroborate the existence of any specific threats or previous attacks by reference to reports of the incidents to the appropriate law enforcement agencies.

Then, as now, N.J.S.A. 2C:39-5(b)(1) provided: "Any person who knowingly has in his possession any handgun, . . . without first having obtained a permit to carry the same as provided in N.J.S.A. 2C:58-4, is guilty of a crime of the second degree."

The day after Bruen was decided, the New Jersey Attorney General issued a directive advising the justifiable need requirement for obtaining a handgun

permit was no longer constitutional. See Off. of the Att'y Gen., Law Enf't Directive No. 2022-07, Directive Clarifying Requirements for Carrying of Firearms in Public (June 24, 2022). However, that same directive made clear Bruen did "not eliminate our overall permitting requirements" or "change any other aspect of New Jersey's public carry laws." Id. at 1.

Defendant was indicted on December 8, 2022. Later that month, on December 22, 2022, the New Jersey Legislature revised the gun permitting scheme under N.J.S.A. 2C:58-4 and -5, by eliminating the "justifiable need" requirement, among other provisions. L. 2022, c. 131.

In June 2023, defendant moved to dismiss count two of the indictment. In his motion brief, defendant argued prosecution under N.J.S.A. 2C:39-5(b)(1) was unconstitutional because the statute required compliance with N.J.S.A. 2C:58-4, which was rendered unconstitutional by the Court in Bruen. The State filed its responding brief on August 8, 2023.

Two days later, before the court held oral argument on defendant's motion, we issued our decision in Wade and its companion case, State v. Stringer. Strikingly similar to the facts in the present matter, the co-defendants in Wade were indicted for violating N.J.S.A. 2C:39-5(b)(1), following their arrest for possession of two loaded handguns in their car, which was stopped by police for

a motor vehicle violation. 476 N.J. Super. at 496-97. Neither defendant had a permit to carry a handgun and, unlike the petitioners in Bruen, had not applied for one. See id. at 498.

The defendants in Wade moved to dismiss their charges arguing the justifiable need provision of N.J.S.A. 2C:58-4 was unconstitutional under Bruen, and therefore all provisions of N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5(b)(1) constituted a "facially invalid permitting scheme, which they were entitled to disregard." Id. at 499. The trial court found the defendants could challenge the statutes even though neither had applied for a permit, and subsequently granted their motion. Id. at 498. The court concluded both statutes violated the Second Amendment under Bruen. Ibid.

We reversed the court's dismissal, holding the defendants lacked standing to challenge their indictment under N.J.S.A. 2C:39-5(b)(1) because neither defendant had applied for a handgun permit. Id. at 505-08. We reasoned: "No New Jersey decision or federal decision addressing New Jersey's gun-permit statutes has held that a defendant has standing to challenge the permit statutes without first having applied for a permit." Id. at 508. We also stated a motion to dismiss charges was not the appropriate venue for establishing whether a

defendant "would have been granted a gun-carry permit but for the justifiable need requirement." Id. at 507.

We nonetheless considered "the merits of the constitutional challenge because it [wa]s a significant issue that warrant[e]d consideration." Id. at 497. We concluded the "justifiable need requirement in N.J.S.A. 2C:58-4(c) (2018) was severable and the remaining provisions of N.J.S.A. 2C:58-4 (2018), as well as N.J.S.A. 2C:39-5(b)(1), were constitutional and enforceable." Id. at 511. Stated another way, the other provisions of N.J.S.A. 2C:58-4 were not dependent upon the justifiable need requirement. Rather, a certification of "justifiable need" was one of many requirements needed to obtain a permit. Id. at 509-10.

The following month, on September 29, 2023, the motion court in the present matter held oral argument. Asserting our decision in Wade was "wrongly decided," defense counsel essentially claimed the unconstitutional justifiable need provision could not be retroactively excised from N.J.S.A. 2C:58-4(c). To support his position, defense counsel claimed, "the requirement of a justifiable need goes to the heart of the statute" and, as such, it was a "substantive requirement." Conversely, the other requirements under the same statute, such as lack of prior medical conditions, were "procedural." Conceding prosecutions under N.J.S.A. 2C:39-5(b)(1) after our decision in Wade are

A-2274-23

permissible, defense counsel maintained at the time defendant violated the statute, "there was no ruling on severability."

The State countered the present matter was on all fours with <u>Wade</u>. The State argued because defendant had not applied for a permit, he lacked standing to challenge the statute. Nonetheless, when defendant was arrested and charged, N.J.S.A. 2C:39-5(b)(1) was constitutional. The court granted the State's request to file a supplemental brief addressing the retroactivity issued raised by the court.

The motion court held additional argument on December 12, 2023. Defense counsel clarified defendant "[wa]s not challenging the constitutionality of th[e] former [permitting] scheme as it existed when it included the justifiable need[] language." Nor was he challenging the statute "as it currently exists." Instead, defendant argued he was denied his right to due process by prosecuting him "for violating a facially unconstitutional statute" and this court in <u>Wade</u> failed to address "any of these concerns."

The motion court thereafter issued a written decision and memorializing order. Acknowledging the similarity of the material facts in the present matter with those in <u>Wade</u>, the court nonetheless credited defendant's arguments. The court therefore found because prosecution under "N.J.S.A. 2C:39-5(b)[(1)]

required compliance with a statute that was void," defendant's right to due process was violated.

On appeal, the State maintains our decision in Wade controls. Accordingly, because defendant had not applied for a permit, he lacked standing to challenge the unlawful possession of a weapon charge. Asserting our severability decision in Wade was "not a pronouncement of a new law," the State alternatively argues our holding applies retroactively. Because the elements of N.J.S.A. 2C:39-5(b)(1) did not change after Bruen was issued, the State further contends "defendant was provided fair notice that possessing a handgun without a permit is a criminal offense." Accordingly, defendant was not denied his right to due process.

During the course of briefing on appeal, we granted the New Jersey Office of the Attorney General's motion to appear as amicus curiae. The Attorney General joins the arguments advanced by the State, urging us to reverse the court's order.

## II.

We review de novo a trial court's decision dismissing an indictment when the decision "was based on the court's interpretation of the statutes pursuant to which [the] defendant was charged." State v. Bernardi, 456 N.J. Super. 176, 186 (App. Div. 2018); see also State v. S.B., 230 N.J. 62, 67 (2017) (holding

9

appellate courts "review a trial court's decision to dismiss an indictment de novo [when] it [does] not involve 'a challenge to fact-finding on the part of the trial court'" (quoting State v. Cagno, 211 N.J. 488, 505 (2012))). Accordingly, "[a] trial court's 'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Bernardi, 456 N.J. Super. at 186 (quoting State v. Pomianek, 221 N.J. 66, 80 (2015)).

We see no reason to stray from our holding in Wade. Indeed, as the motion court correctly recognized, the material facts in the present matter are nearly identical to those in Wade.

As a threshold matter, defendant did not apply for a permit to carry a handgun. See Wade, 476 N.J. Super. at 506. Similar to the defendants in Wade, defendant failed to establish he "would have qualified for a gun-carry permit excluding the justifiable need requirement." See ibid. As in Wade, "the record" in this case "does not reflect it would have been futile for [defendant] to have applied for a permit even if the absence of the justifiable need provision." See id. at 507. As we explained in Wade, "law-abiding citizens are not free to ignore a statute and presume that they would have been granted a permit but for one potentially invalid provision of a permit statute." Ibid.

Nor are we convinced defendant was deprived of his right to due process under the federal or state constitutions. See U.S. Const. amend. XIV; N.J. Const. art. I, ¶ 1. "A fundamental element of due process is that a law 'must give fair notice of conduct that is forbidden or required.'" Pomianek, 221 N.J. at 84 (quoting FCC v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012)). Thus, "[a] person should be on notice that he is engaged in wrongdoing before he [or she] 'is brought to the bar of justice for condemnation in a criminal case.'" Id. at 85 (quoting Lambert v. California, 355 U.S. 225, 228 (1957)). "[D]ue process is satisfied when 'ordinary people can understand what conduct is prohibited.'" State v. O'Donnell, 255 N.J. 60, 82 (2023) (quoting McDonnell v. U.S., 579 U.S. 550, 576 (2016)).

To support its decision that applying the severability holding in Wade retroactively would violate defendant's right to fair notice and due warning, the motion court cited State v. De Santis, 65 N.J. 462 (1974). In De Santis, our Supreme Court reviewed the defendants' convictions for possession of obscene publications following the United States Supreme Court's decision in Miller v. California, 413 U.S. 15 (1973). Id. at 463. In Miller, the Court revised an unconstitutionally vague test for determining "obscenity" and pronounced a new test that provided more specificity than New Jersey's definition of obscenity.

<u>Miller</u>, 413 U.S. at 31-37. The <u>De Santis</u> Court found applying the new standard in <u>Miller</u> retroactively would violate the defendants' due process rights because the defendants were not on notice of what constituted "obscenity" under the new test at the time of the offense. <u>De Santis</u>, 65 N.J. at 471-73.

The motion court also cited <u>Bouie v. Columbia</u>, 378 U.S. 347 (1964), for the same proposition. In <u>Bouie</u>, the petitioners appealed their convictions for criminal trespass for failing to leave a store after being asked to do so, arguing that applying the judicial construction of the criminal trespass statute retroactively violated procedural due process. 378 U.S. at 348-49. The statute at issue prohibited "entry upon the lands of another" after notice from the owner prohibiting entry. <u>Id.</u> at 349. The South Carolina Supreme Court affirmed the petitioners' convictions, reconstructing the trespass statute to also prohibit remaining on the lands of another after being asked to leave. <u>Id.</u> at 350. The United States Supreme Court reversed the petitioners' convictions, finding at the time of their conduct, they did not violate the statute as it was written. <u>Id.</u> at 352-55. According to the Court, "a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." <u>Id.</u> at 352.

12

Here, unlike the litigants in De Santis and Bouie, defendant's actions violated N.J.S.A. 2C:39-5(b)(1) as worded at the time of his offense. Specifically, at the time of defendant's conduct, and at present, under N.J.S.A. 2C:39-5(b)(1): "Any person who knowingly has in his possession any handgun . . . without first having obtained a permit to carry the same . . . is guilty of a crime."  Accordingly, the motion court's reliance on De Santis and Bouie is misplaced.

Moreover, Bruen does not alter the elements of unlawful possession of a handgun without a permit under N.J.S.A. 2C:39-5(b)(1).  597 U.S. at 80 (Kavanaugh, J., concurring) (recognizing that the six states "potentially affected" by the decision, including New Jersey, could "continue to require licenses for carrying handguns for self-defense").  The construction of N.J.S.A. 2C:39-5(b)(1) is not "unexpectedly broadened" as the statute was in Bouie.  See 378 U.S. at 353.  Indeed, we implicitly applied our severability holding in Wade retroactively by concluding "N.J.S.A. 2C:39-5(b)(1) was constitutional and enforceable at the time of [the] defendants' arrest."  476 N.J. Super. at 511.

Similarly, the severability holding in Wade does not pronounce a new rule or test.  See State v. Knight, 145 N.J. 233, 252 (1996) (finding further analysis is needed when determining whether to apply a new rule retroactively).

13

Eliminating the justifiable need requirement "did not change the requirement that a person obtain a permit before lawfully carrying a gun in public." Wade, 476 N.J. Super. at 505; see also Law Enf't Directive No. 2022-07, at 1. A person of ordinary intelligence would understand that N.J.S.A. 2C:39-5(b)(1) required an individual to obtain a permit to lawfully possess a handgun outside the home.

Nor is there any issue of vagueness or uncertainty in the statute. N.J.S.A. 2C:39-5(b)(1) provided adequate notice that knowingly possessing a handgun without a permit constituted a crime at the time of defendant's offense. The elements of unlawful possession of a handgun without a gun-carry permit remain the same, even though the requirements for obtaining a permit have been revised. We therefore conclude there was no due process violation here.

Reversed and remanded for reinstatement of count two of the indictment. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2274-23